NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2019[*]
Decided June 3, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

Nos. 19-1391 & 19-1982

| | |
|---|---|
| ARLETTA J. KUROWSKI,<br>    *Plaintiff-Appellant,* | Appeals from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-C-274 |
| ESTATE OF KENNETH H. KUROWSKI<br>and NORMA KUROWSKI<br>SCHOONOBER,<br>    *Defendants-Appellees.* | William C. Griesbach,<br>*Chief Judge.* |

**O R D E R**

Arletta Kurowski was rebuffed by the Oneida Nation's trial and appellate courts in her attempt to collect child-support arrears from the estate of her ex-husband. She then filed a document labeled "notice of appeal" in the District Court for the Eastern District of Wisconsin. The district court determined that it lacked jurisdiction to review the decision of the Oneida judiciary and dismissed the case.

---

[*] The defendants were not served with process in the district court and are not participating on appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In appeal No. 19-1391, Kurowski challenges that ruling as "premature." She argues that the district court wrongly assumed that the tribal courts' procedures were adequate and that she was afforded due process and equal protection. But no ascertainable basis for subject-matter jurisdiction can be gleaned from the two-sentence submission that she filed in the district court. Her self-styled notice of appeal to the district court suggests no claims arising under federal-question jurisdiction, see 28 U.S.C. §§ 1331, 1343, or diversity jurisdiction, see, *e.g.*, *Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co.*, 607 F.3d 1268, 1276 (11th Cir. 2010) (explaining that "barren" complaint failed to cite any constitutional provision, federal statute, or recognized theory of common law to establish subject-matter jurisdiction).

The background of appeal No. 19-1982 is a bit more complicated. On March 4, 2019, Kurowski filed the notice of appeal to this court from the district court's order of dismissal that was docketed in No. 19-1391. On May 3, 2019, Kurowski filed a motion in this court for leave to substitute the Estate of Norma Kurowski Schoonober for Schoonober, the newly deceased widow of Kurowski's ex-husband, Kenneth Kurowski. We denied that motion on May 8, because the appellees had not been served in the district court and were not participating in the appeal. Kurowski then returned to the district court and filed an identical motion there on May 14 to substitute the Estate. The district court denied that motion on May 16, 2019, and on May 22, Kurowski filed a notice of appeal from that order. That appeal was docketed in this court as No. 19-1982.

We conclude that the district court had no jurisdiction to rule on the May 14 motion to substitute parties, because by that time the case was lodged in this court. We therefore resolve appeal No. 19-1982 by VACATING the May 16 order of the district court. As we indicated earlier, we AFFIRM the district court's judgment in No. 19-1391.